UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

|  |  |
|---|---|
| STEPHEN BUSHANSKY, | : |
|  | : |
| Plaintiff, | : |
|  | : |
|  | : |
| v. | : |
|  | : |
| LOGICBIO THERAPEUTICS, INC., MARK ENYEDY, J. JEFFREY GOATER, MARK KAY, LEON CHEN, SUSAN KAHN, DAPHNE KARYDAS, FREDERIC CHEREAU, RICHARD MOSCICKI, and MICHAEL WYZGA, | : |
|  | : |
| Defendants. | : |

Case No._____

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

---------------------------------------------------------

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against LogicBio Therapeutics, Inc. ("LogicBio" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which LogicBio will be acquired by Alexion Pharmaceuticals, Inc. ("Alexion" or "Parent"),

through Alexion's subsidiary Camelot Merger Sub, Inc. ("Purchaser") (the "Proposed Transaction").

2.      On October 3, 2022, LogicBio issued a press release announcing entry into an Agreement and Plan of Merger (the "Merger Agreement") dated October 3, 2022, to sell LogicBio to Alexion.  Under the terms of the Merger Agreement, Alexion will acquire each outstanding share of LogicBio for $2.07 per share in cash (the "Offer Price").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on October 18, 2022.  The Tender Offer is scheduled to expire at one minute following 11:59 p.m. (12:00 midnight), New York City time, on Tuesday, November 15, 2022.

3.      On October 18, 2022, LogicBio filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC.  The Recommendation Statement, which recommends that LogicBio stockholders tender their shares in favor of the Tender Offer, omits or misrepresents material information concerning, among other things: (i) LogicBio management's financial projections; (ii) the data and inputs underlying the valuation analyses performed by the Company's financial advisor, Centerview partners LLC ("Centerview"); and (iii) the background of the Proposed Transaction.  Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

4.      In short, the Proposed Transaction will unlawfully divest LogicBio's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company stockholders.  To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  LogicBio's common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

**PARTIES**

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of LogicBio.

9.      Defendant LogicBio is a Delaware corporation, with its principal executive offices located at 65 Hayden Avenue, 2nd Floor, Lexington, Massachusetts 02421.  LogicBio is a genetic medicine company, focused on genome editing and gene therapy treatments.  LogicBio's common stock is traded on the Nasdaq Global Market under the ticker symbol "LOGC."

10.     Defendant Mark Enyedy ("Enyedy") has been a director of the Company since March 2020.

11.     Defendant J. Jeffrey Goater ("Goater") has been a director of the Company since December 2020.

12.     Defendant Mark Kay ("Kay") has been a director of the Company since January 2016.

13.     Defendant Leon Chen ("Chen") has been a director of the Company since January 2016.

14.     Defendant Susan Kahn ("Kahn") has been a director of the Company since December 2021.

15.     Defendant Daphne Karydas ("Karydas") has been a director of the Company since December 2020.

16.     Defendant Frederic Chereau ("Chereau") has been President, Chief Executive Officer ("CEO") since April 2016, and a director of the Company at all relevant times.

17.     Defendant Richard Moscicki ("Moscicki") has been Chairperson since June 2020 and a director of the Company since October 2018.

18.     Defendant Michael Wyzga ("Wyzga") has been a director of the Company since September 2018.

19.     Defendants identified in paragraphs 10 to 18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

20.     Alexion, AstraZeneca Rare Disease, is the group within AstraZeneca plc ("AstraZeneca") focused on rare diseases, created following the 2021 acquisition of Alexion Pharmaceuticals, Inc.  As a leader in rare diseases for nearly 30 years, Alexion is focused on serving patients and families affected by rare diseases and devastating conditions through the

discovery, development, and commercialization of life-changing medicines.  Alexion focuses its research efforts on novel molecules and targets in the complement cascade and its development efforts on haematology, nephrology, neurology, metabolic disorders, cardiology, and ophthalmology.  Headquartered in Boston, Massachusetts, Alexion has offices around the globe and serves patients in more than 50 countries.

21.     AstraZeneca is a global, science-led biopharmaceutical company that focuses on the discovery, development, and commercialization of prescription medicines in Oncology, Rare Diseases and BioPharmaceuticals, including Cardiovascular, Renal & Metabolism, and Respiratory & Immunology.  Based in Cambridge, UK, AstraZeneca operates in over 100 countries, and its innovative medicines are used by millions of patients worldwide.

22.     Purchaser is a Delaware corporation and a wholly owned subsidiary of Alexion.

## SUBSTANTIVE ALLEGATIONS

### Company Background

23.     LogicBio is a clinical-stage genetic medicine company pioneering genome editing and gene delivery platforms to address rare and serious diseases from infancy through adulthood. LogicBio's genome editing platform, GeneRide®, is a new approach to precise gene insertion harnessing a cell's natural DNA repair process potentially leading to durable therapeutic protein expression levels.  LogicBio's gene delivery platform, sAAVy™, is an adeno-associated virus (AAV) capsid engineering platform designed to optimize gene delivery for treatments in a broad range of indications and tissues.  LogicBio's proprietary manufacturing process, mAAVRx™, aims to overcome one of the current limitations of AAV manufacturing by improving yields and product quality.

24.     On August 5, 2022, LogicBio announced its second quarter 2022 financial results and business developments.  Revenue for the quarter ended June 30, 2022, was $3.2 million,

increased from $0.8 million in the second quarter of 2021.  Net loss for the quarter ended June 30, 2022, was $5.0 million or $0.15 per share, improved from a net loss of $10.5 million, or $0.33 per share, for the quarter ended June 30, 2021.  Reflecting on the Company's progress and looking to the future, defendant Chereau stated:

> We are excited to continue to see GeneRide® demonstrating its ability to precisely knock in the correct version of a gene with a single intravenous infusion—a significant milestone in the field of genetic medicine.  Additionally, LogicBio's proprietary mAAVRx™ process has continued to show significant improvement in production yields.  As quality and cost of goods in genetic medicine manufacturing remain a key priority, we intend to leverage mAAVRx for our development candidates and as a potential source for business development collaborations.

**The Proposed Transaction**

25.     On October 3, 2022, LogicBio issued a press release announcing the Proposed Transaction.  The press release states, in relevant part:

> LEXINGTON, Mass., Oct. 3, 2022 /PRNewswire/ -- LogicBio® Therapeutics, Inc. (NASDAQ: LOGC), a pioneering clinical-stage genomic medicine company, today announced that it has entered into a definitive agreement under which AstraZeneca Rare Disease will acquire LogicBio.  The proposed acquisition brings LogicBio's unique technology, experienced rare disease R&D team, and expertise in pre-clinical development to support Alexion's growth in genomic medicines.
>
> Fred Chereau, President and Chief Executive Officer, LogicBio, said: "We are excited about the opportunity to bring our science and expertise in genetic medicine to Alexion, which shares our commitment to discovering treatments for rare conditions and improving the lives of patients.  Through this acquisition, we strive to accelerate our research in gene editing and AAV capsid development and together move the field of genomic medicine forward."
>
> LogicBio has developed technology platforms for the delivery and insertion of genes to address genetic diseases, as well as a platform designed to improve viral vector manufacturing processes.  These platforms, coupled with LogicBio's highly experienced team and Alexion's advancements with AstraZeneca, will drive future scientific possibilities and next generation medicines to treat rare genetic diseases.
>
> "The proposed acquisition of LogicBio is a significant development for our growing research in genomic medicine," said Marc Dunoyer, Chief Executive Officer, Alexion, AstraZeneca Rare Disease.  "LogicBio's people, experience and platforms provide new scientific capabilities by adding best-in-class technology

and expertise to our genomic medicine strategy. The scientific collaboration between Alexion and AstraZeneca has been a substantial area of focus since last year's acquisition and the addition of LogicBio will expand this foundational work."

Under the terms of the agreement, Alexion, through a subsidiary, will initiate a cash tender offer to acquire all outstanding shares of LogicBio for $2.07 per share. Both boards have unanimously approved the transaction. Alexion plans to close the deal in four to six weeks, subject to the tender of at least a majority of the outstanding shares of LogicBio common stock and satisfaction of other closing conditions, and plans to retain LogicBio employees at their current location.

***

**Advisors**
Centerview Partners LLC is acting as financial advisor and Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal advisor to LogicBio. Freshfields Bruckhaus Deringer is acting as legal advisor to Alexion, AstraZeneca Rare Disease.

## Insiders' Interests in the Proposed Transaction

26.     LogicBio insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of LogicBio.

27.     Notably, LogicBio insiders stand to reap substantial financial benefits for securing the deal with Alexion. The following table sets forth the value of cash payments the Company's executive officers and directors will receive in connection with tendering their shares in the Tender Offer:

| Name of Executive Officer or Director | Number of Shares (#) | Cash Consideration for Shares ($) |
|---|---|---|
| Frederic Chereau | 253,811 | 525,388.77 |
| Josh Blacher | — | — |
| Daniel Gruskin | 3,331 | 6,895.17 |
| Mariana Nacht | — | — |
| Andrea Paul[1] | — | — |
| Cecilia Jones[1] | 3,764 | 7,791.48 |
| Leon Chen | 22,333 | 46,229.31 |
| Mark Enyedy | 2,921 | 6,046.47 |
| J. Jeffrey Goater | — | — |
| Susan Kahn | — | — |
| Daphne Karydas | — | — |
| Mark Kay | 784,557 | 1,624,032.99 |
| Richard Moscicki | 3,916 | 8,106.12 |
| Michael Wyzga | 3,141 | 6,501.87 |

28.     Moreover, under the terms of the Merger Agreement, Company vested options, unvested options, and restricted stock units will be converted into the right to receive cash payments upon consummation of the Proposed Transaction.  The following tables set forth the value of cash payments that LogicBio's directors and executive officers will receive in connection with the consummation of the merger pursuant to their Company equity awards:

| Name of Executive Officer or Director | Number of Shares Subject to Vested Options (#) | Cash Consideration for Vested Options ($) | Number of Shares Subject to Unvested Options (#) | Estimated Value of Cash Consideration and Assumed RSUs for Unvested Options ($)[1] | Estimated Total Value for Options in Merger ($) |
|---|---|---|---|---|---|
| Frederic Chereau | 969,205 | 732,900 | 565,599 | 449,360 | 1,182,340 |
| Josh Blacher | — | — | — | — | — |
| Daniel Gruskin | 129,144 | — | 311,557 | 191,800 | 191,800 |
| Mariana Nacht | 91,666 | — | 208,334 | 137,000 | 137,000 |
| Andrea Paul[2] | 54,999 | — | 190,001 | — | — |
| Cecilia Jones[2] | 113,748 | — | 271,252 | — | — |
| Leon Chen | 101,979 | 59,641 | 12,500 | 21,125 | 80,766 |
| Mark Enyedy | 25,833 | — | 19,167 | 21,125 | 21,125 |
| J. Jeffrey Goater | 19,166 | — | 25,834 | 21,125 | 21,125 |
| Susan Kahn | — | — | 37,500 | 21,125 | 21,125 |
| Daphne Karydas | 19,166 | — | 25,834 | 21,125 | 21,125 |
| Mark Kay | 213,675 | 205,693 | 15,000 | 21,125 | 226,818 |
| Richard Moscicki | 57,471 | — | 12,500 | 21,125 | 21,125 |
| Michael Wyzga | 57,471 | — | 12,500 | 21,125 | 21,125 |

29.     Further, as condition and inducement to Parent entering into the Merger Agreement, certain key employees entered into Key Employee Offer Letters (the "Key Employee Offer Letters") with Alexion.  In connection with the Key Employee Offer Letters, defendant Chereau, Mr. Matthias Hebben and Ms. Mariana Nacht will be (i) employed at a

division of Parent Holdco, and (ii) provided with annual base salaries of $558,500, $350,000, and $440,000, respectively, with a bonus opportunity ranging up to 90% of base salary and a target bonus of 45% of base salary. Defendant Chereau, Mr. Hebben and Ms. Nacht will also be (i) eligible to receive cash retention bonuses in the amounts of $322,025, $147,150 and $198,000, respectively, (ii) granted Parent Holdco restricted stock units as soon as practicable following the Effective Time, with a value of $418,875, $210,000 and $330,000, respectively, (iii) eligible to receive Parent Holdco performance shares, and (iv) in the case of Ms. Nacht, granted Parent restricted stock units in March 2023 that vest on the 18-month anniversary of the Effective Time with a value of $165,000.

30.     Additionally, if he is terminated in connection with the Proposed Transaction, defendant Chereau will receive substantial cash severance payments, as set forth in the following table:

| Name | Potential Cash Severance and 2022 Bonus ($)[1] | Equity ($)[2] | Healthcare Benefits ($)[3] | Retention Bonus[4] | Total ($) |
|------|-----------|-----------|-----------|-----------|-----------|
| Frederic Chereau | 796,663 | 868,235 | 11,623 | 322,025 | 1,998,546 |

## The Recommendation Statement Contains Material Misstatements or Omissions

28.     The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to LogicBio's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal.

29.     Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) LogicBio management's financial projections; (ii) the data and inputs

underlying the valuation analyses performed by the Company's financial advisor, Centerview; and (iii) the background of the Proposed Transaction.

***Material Omissions Concerning LogicBio Management's Financial Projections and Centerview's Financial Analyses***

30.     The Recommendation Statement omits material information regarding LogicBio management's financial projections.

31.     Specifically, with respect to LogicBio management's financial projections, the Recommendation Statement fails to disclose for each of the "Preliminary April Projections" and "Updated September Projections" a quantification of the assumptions underlying the projections, including with respect to the probability of technical success and regulatory approvals, launch timing, epidemiology, pricing, sales ramp, market growth, market share, competition, market exclusivity, option, milestone, royalty and other licensing payments, cost of goods sold, research and development expenses, sales and marketing expenses, general and administrative expenses, availability and terms of financing, effective tax rates and utilization of net operating losses ("NOLs").  See Recommendation Statement at 35.  The Recommendation Statement further fails to disclose a summary of Company management's non-risk adjusted projections.

32.     The Recommendation Statement describes Centerview's fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of Centerview's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, LogicBio's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Centerview's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

33.     With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rate range of 15.0% to 17.0%; (ii) quantification of the tax savings from usage of the Company's estimated federal NOLs; (iii) quantification of the impact of assumed equity raises; and (iv) the Company's fully-diluted outstanding shares utilized in the analysis.

34.     The omission of this information renders the statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of Centerview" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

35.     The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

36.     For example, the Recommendation Statement fails to disclose the terms of the confidentiality agreements entered into with each of the parties during the sale process, including whether they include standstill provisions that are still in effect and whether the confidentiality agreement entered into with a party identified in the Recommendation Statement as "Party A" included a don't-ask-don't-waive ("DADW") standstill provision.

37.     The omission of this information renders the statements in the "Background of the Offer and Merger" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

38.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other LogicBio

stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

31.    Plaintiff repeats all previous allegations as if set forth in full.

32.    Defendants have caused the Recommendation Statement to be issued with the intention of soliciting LogicBio stockholders to tender their shares in the Tender Offer.

33.    Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34.    The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

35.    Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

36.    The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of LogicBio, who will be deprived of their right to

make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

37.     Plaintiff repeats all previous allegations as if set forth in full.

38.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary to make the statements made, considering the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

39.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer or seek appraisal.

40.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

**Claims Against the Individual Defendants for
Violation of Section 20(a) of the Exchange Act**

41.     Plaintiff repeats all previous allegations as if set forth in full.

42.     The Individual Defendants acted as controlling persons of LogicBio within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of LogicBio and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

45.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

46.     By virtue of the foregoing, the Individual Defendants have violated section 20(a)

of the Exchange Act.

47.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of LogicBio, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D.     Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 25, 2022

WEISS LAW
Michael Rogovin
476 Hardendorf Ave. NE
Atlanta, GA 30307
Tel: (404) 692-7910
Fax: (212) 682-3010

*Attorneys for Plaintiff*